UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW ROSS, et al.,

    Plaintiffs,

    v.

ECOLAB INC.,

    Defendant.

Case No. 13-cv-5097-PJH

**ORDER RE MEAL BREAK CLAIM**

On September 28, 2015, this court issued an order regarding plaintiffs' motion for partial summary judgment, defendant's motion for summary judgment, and defendant's motion for decertification. See Dkt. 104. While the order resolved most of the motions, the court deferred a ruling on two issues related to plaintiffs' claim for missed meal breaks. First, as to defendant's motion for summary judgment, the court granted the motion for the time period from October 12, 2008 to the present, but deferred a ruling for the time period from December 21, 2005 to October 11, 2008, on the basis that defendant had not actually submitted the evidence on which it was attempting to rely. Second, the court also deferred ruling on defendant's motion to decertify the class as to the meal break claim until after it had considered the new evidence and the supplemental briefs.

Having now considered the new evidence and supplemental briefs, the court hereby DENIES defendant's motion for summary judgment as to the meal break claim from December 21, 2005 to October 11, 2008, and DENIES defendant's motion for decertification as to the meal break claim as follows.

1       As mentioned in the court's previous order, defendant has submitted evidence
2  showing that, as of at least October 12, 2008, it had a policy and practice of sending the
3  class members a "meal break reminder message" telling them to "please ensure you take
4  your required meal and rest breaks," and requiring them to certify that they had been
5  provided all meal and rest breaks when they signed their timesheets. See Dkt. 104 at 20
6  (citing Dkt. 78, Ex. III). However, for the period before then, the record was less clear.
7  Defendant cited to a written policy, dated June 2007, that set forth the meal break
8  requirement but did not have the "reminder" message or the certification, and further cited
9  to the deposition testimony of its "person most knowledgeable" (under Federal Rule of
10 Civil Procedure 30(b)(6)), stating that the meal break policy was in place since at least
11 2005. However, as noted in the court's order, defendant did not submit the "person most
12 knowledgeable" deposition testimony as part of its motion, and requested leave of court
13 to do so after the hearing. The court allowed the evidence to be submitted, but also
14 allowed plaintiffs an opportunity to respond to the newly-submitted evidence.
15      On October 9, 2015, defendant submitted such evidence along with a
16 supplemental brief. The brief described the three categories of evidence that were being
17 submitted: (1) the deposition of "person most knowledgeable" Elizabeth Braun,
18 defendant's human resources manager, (2) deposition testimony from class members,
19 and (3) documents reflecting defendant's meal break policy.
20      As mentioned above, category (1) consists of deposition testimony stating that
21 defendant had a policy of requiring meal breaks since at least December 2005, and
22 further stating that the policy had been in writing since June 2007. However, in their
23 responsive supplemental brief, plaintiffs point out that the deponent testified that she only
24 knew of defendant's meal break policy "from 2008 until the present," and that her
25 testimony regarding the policy from 2005 to 2008 was based on what other, unidentified
26 people had told her, "as far as they remembered." See Dkt. 106-2, Ex. A at 57:3-17.
27 Such testimony, without more, is not sufficient to warrant summary judgment.
28      Category (3) consists of the documents mentioned in the "person most

knowledgeable" deposition – specifically, they are described by defendant as "a series of documents relating to Ecolab's meal break policy." Dkt. 106-2, Ex. N. From the court's own review, it appears that these documents are the same as the ones submitted in connection with defendant's motion for summary judgment and cited by the court in its previous order. Compare Dkt. 106-2, Ex. N with Dkt. 78, Ex. III. The court previously considered those documents, and found that "there remains a triable issue of fact regarding the existence of meal break violations from December 21, 2005 to October 11, 2008." The court reaches the same conclusion here. At best, defendant's evidence shows that it had a written meal break policy in place as early as June 2007, but in contrast to the post-October 2008 evidence, the June 2007 policy does not establish that meal breaks were actually made available.

Under the California Supreme Court's concurring opinion in Brinker Restaurant Corp. v. Superior Court, "if an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided." 53 Cal.4th 1004, 1053 (2012). Although the cited quote is taken from a concurring opinion, it has been followed by at least two federal district courts in California. See Alcantar v. Hobart Service, 2013 WL 156530, at *2 (C.D. Cal. Jan. 15, 2013); Ricaldai v. U.S. Investigations Services, LLC, 878 F.Supp.2d 1038, 1043 (C.D. Cal. 2012).

In addition, defendant's cited cases are distinguishable. In each case, the court found that the plaintiff had presented "no evidence to support the claim that defendant discouraged plaintiff from taking breaks or required her to work during breaks." Green v. Lawrence Service Co., 2013 WL 3907506 at *8 (C.D. Cal. July 23, 2013); see also Roberts v. Trimac Transportation Services, 2013 WL 4647223, at *4 (N.D. Cal. Aug. 28, 2013) ("The problem for plaintiff is that he has provided no competent evidence to support his assertions" that defendant's "actual policy is to discourage meal breaks"). In contrast, plaintiffs in this case have provided evidence that defendant's promise of "24/7" availability actually impeded the class members' ability to take meal breaks in

1  accordance with the policy.  See Dkt. 111-1, Ex. 4 at 111:8-14; Ex. 6 at 27:16-29:8.
2  Plaintiffs' evidence serves to make this case less similar to Green and Roberts, and more
3  similar to Antemate v. Estenson Logistics, LLC, where a district court found that,
4  notwithstanding a "facially valid meal break policy," the defendant's "informal policies and
5  practices create an environment in which [plaintiffs] are routinely pressured not to take
6  compliant breaks."  Antemate, 2015 WL 3822267, at *2 (C.D. Cal. June 15, 2015).

7        Finally, category (2) of defendant's newly-submitted evidence consists of
8  deposition testimony from 12 class members stating that they took meal breaks.  At best,
9  this testimony conflicts with the evidence submitted by plaintiffs, and demonstrates the
10  existence of a material issue of disputed fact – but plaintiffs also point out that the
11  testimony speaks only to the deponents' current practice of taking meal breaks, and says
12  nothing about their practice of taking meal breaks between December 2005 and October
13  2008.

14        For the foregoing reasons, the court finds that there still remains a triable issue of
15  fact regarding the existence of meal break violations from December 21, 2005 to October
16  11, 2008, and thus, defendant's motion for summary judgment on that issue is DENIED.

17        The court now turns to defendant's motion for decertification, which was not
18  expressly discussed by the parties in their supplemental briefs.  As mentioned above, the
19  court deferred ruling on the motion as to the meal break claim, stating that it would "re-
20  assess the predominance analysis after the parties have submitted their supplemental
21  evidence and briefing."  Dkt. 104 at 25.  As mentioned in that order, to maintain
22  certification, the court must find that "questions of law or fact common to class members
23  predominate over any questions affecting only individual members."  Id. at 23 (citing Fed.
24  R. Civ. P. 23(b)(3)).

25        Given the standard articulated in Brinker, which provides for a rebuttable
26  presumption that no meal break was taken in the absence of any records, it seems
27  plausible that defendant may present evidence to rebut that presumption as to a number
28  of the class members.  If that were to occur, it also seems plausible that individual issues

4

1  would predominate over common ones as to the meal break claim.  However, such a
2  scenario remains hypothetical, as defendant has not submitted evidence that rebuts the
3  presumption as to any individual class members.  As discussed above, the deposition
4  testimony cited by defendant speaks only to certain class members' <u>current</u> practice of
5  taking meal breaks, not their practice during the relevant time period of December 2005
6  to October 2008.  For that reason, defendant's motion for decertification is DENIED as to
7  the meal break claim.

**IT IS SO ORDERED.**

Dated:  November 3, 2015

_____

PHYLLIS J. HAMILTON
United States District Judge