1

2

3

4

5

6

7

8

9

10

11

12

13

14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15 MATTHEW ROSS, an individual; for himself<br>and those similarly situated; ROBERT<br>16 MAGEE an individual; for himself and those<br>similarly situated and ROES 1 through 30,000<br>17 and the proposed class, | CASE NO:      C 13-05097 PJH<br><br>(Removed from San Francisco Superior Court<br>Case No. CGC-09-495344) |
| 18             Plaintiffs, | *Assigned to:  Hon. Phyllis J. Hamilton* |
| 19        vs. | <u>**CLASS ACTION**</u> |
| 20 ECOLAB, INC., a Delaware Corporation; and<br>DOES 1 through 100, inclusive, | |
| 21             Defendants. | [~~**PROPOSED**~~]<br>**ORDER GRANTING MOTION FOR<br>PRELIMINARY APPROVAL OF CLASS<br>ACTION SETTLEMENT** |
| 22 | |
| 23 | |
| 24 | |

25        The Court has received the Joint Stipulation of Class Action Settlement and Release

26 (hereinafter sometimes referred to as the "Settlement" or "Agreement"), entered into between the

27 Plaintiffs and Class Representatives for the Certified Class in this matter, on the one hand, and

28 Defendant Ecolab Inc. ("Ecolab"), on the other hand, and their respective counsel of record.

After reviewing the Agreement, and the other documents filed in support of the Motion for Preliminary Approval of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:

## ORDERS

1.     The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Agreement.  The Court preliminarily finds that the terms of the proposed Settlement are fair, adequate and reasonable, and that they comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").  The Court hereby adopts and incorporates by this reference the recitals, terms and conditions of the Settlement.

2.     The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties.  In making these preliminary findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of Plaintiffs and members of the Certified Class (which totals 213 individuals), Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Certified Class as a result of the Settlement, the Parties' participation in mediation with an experienced class action mediator, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Certified Class.

3.     The Court approves the proposed manner of the notice of Settlement set forth in the Agreement.  The Court also approves the size and contents of the Notice of Proposed Class Action Settlement attached hereto as Exhibit 1.

4.     The Court finds that the proposed manner of the notice of Settlement set forth in the Agreement (and the Notice of Proposed Class Action Settlement referenced therein and which the Court approves of, as set forth in paragraph 3, above) constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process.  The Court further finds that the notice fully and accurately informs the Certified Class of

all material elements of the lawsuit and proposed class action Settlement, , and each Certified Class Member's right and opportunity to object to the proposed class action Settlement and be heard at the final approval (fairness) hearing.

5.     The proposed plan for mailing the Notice of Proposed Class Action Settlement and Claim Form by first-class mail to the Certified Class Members' last-known address is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement.  There is no alternative method of sending the Notice to the Certified Class that would be more practicable, and any more reasonably likely to notify the Class Members.  The proposed Notice of Proposed Class Action Settlement and the notice plan set forth in the Settlement are the best practicable notice under the facts and circumstances of this case.

6.     The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.  By May 23, 2016, Ecolab shall provide to CPT Group, Inc. ("CPT") updated contact information for the 213 Class Members, as set forth in the Settlement.  By June 2, 2016, CPT shall mail the Class Notice to all identified Class members via first-class mail.

7.     The Court appoints CPT Group, Inc. ("CPT") as the Claims Administrator.  Promptly following entry of this order, CPT will prepare a final version of the Notice of Proposed Class Action Settlement and Claim Form, incorporating into it the relevant dates and deadlines set forth in this Order and the Settlement Agreement and will commence the notice process in accordance with the scheduling set forth herein.

8.     The deadline for filing objections to the Settlement shall be July 17, 2016, which is forty-five (45) days from the mailing of the Notice of Settlement, in conformity with the Settlement Agreement and this Order.

9.     Any Certified Class Member who desires to object to the Settlement must file with the Court, not later than July 17, 2016 (the "Objection Deadline"), a written statement objecting to the Settlement and setting forth the grounds for the objection.  The written statement of objection must indicate whether the Certified Class Member intends to appear and object to the Settlement at the Final Approval Hearing, and the failure to so indicate will constitute a waiver of the right to appear at the Final Approval Hearing.  A Certified Class Member who does not timely file an objection in the

1    manner and by the Objection Deadline specified above will be deemed to have waived all objections

2    and will be foreclosed from making any objections to the Settlement, whether by appeal or otherwise.

3          10.    Class Counsel's motion for an award of attorney's fees and costs and the Class

4    Representatives' motion for a service enhancement shall be filed no later than fourteen (14) calendar

5    days before the final approval (i.e. "final fairness") hearing.

6          11.    The Court will hold a final approval hearing on August 31, 2016, at 9:00 a.m. in

7    Courtroom 3, to consider the fairness, reasonableness and adequacy of the proposed Settlement as well

8    as the award of attorney's fees and costs to Class Counsel and incentive (service) awards to the Class

9    Representatives.  The Court reserves the right to adjourn or continue the final approval (fairness)

10    hearing without further notice to the Settlement Class members.

13    **IT IS SO ORDERED.**

14
15    Dated: <u> 5/13/16     </u>



16    Hon. Phyllis J. Hamilton
        United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT 1</u>
TO PROPOSED ORDER

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

MATHEW ROSS, an individual; for himself and those similarly situated; ROBERT MAGEE an individual; for himself and those similarly situated and ROES 1 through 30,000 and the proposed class,

CASE NO:     C 13-05097 PJH

11

(Removed from San Francisco Superior Court Case No. CGC-09-495344)

12

13

Plaintiffs,

*Assigned to:  Hon. Phyllis J. Hamilton*

14

vs.

<u>CLASS ACTION</u>

15

ECOLAB, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

16

Defendants.

17

18

19

20

21

22

TO:     All Class Members, who are former and current Ecolab Route Managers, Route Sales Managers, and PureForce division Sales Service Route Managers (hereafter referred to collectively as "RSMs"), who worked in California between December 21, 2005 and May 25, 2012, who do/did not cross state lines in performance of their duties, and have not received full and correct pay for all hours worked and have not received accurate itemized wage statements required pursuant to Labor Code section 226, and who have not fully and completely released all of the claims made in this lawsuit.

23

**THIS NOTICE AFFECTS YOUR RIGHTS.**

24

**PLEASE READ THIS NOTICE CAREFULLY.**

25

26

/ / /

27

/ / /

28

1
2
3

     YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR August 31, 2016, 2016 AT 9:00 A.M. BEFORE THE HONORABLE PHYLLIS J. HAMILTON, DISTRICT JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

4
5
6
7
8
9

     This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.palaylaw.com/class-actions/icard-v-ecolab/, by contacting class counsel at brian@strausspalay.com, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

10

**ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT**

11
12
13
14

**Based on your total full workweeks worked for ECOLAB as an RSM during the Class Period, your estimated payment is $_____ ("Individual Settlement Amount").**  This estimated amount is only an estimate.  The actual amount of your Individual Settlement Amount may increase or decrease based on several factors, including the final amounts approved by the Court and disputes about workweeks raised by other Class Members.  As a result you may receive a smaller, or larger, payment.  **Please read all of this notice packet for further details regarding the settlement.**

15

**I.**    **INTRODUCTION**

16
17
18
19
20

     On December 21, 2009, Plaintiff James Icard filed a lawsuit against defendant Ecolab Inc. (Ecolab) for damages, interest, penalties and other monetary relief for unpaid regular and overtime compensation under the California Labor Code in the Superior Court of California, County of San Francisco.  The action was litigated in state and federal court, until the final removal by Ecolab to the U.S. District Court, Northern District of California on October 31, 2013.  The state court certified the case as a class action on May 25, 2012; the United States District Court subsequently declined to decertify the class.

21
22
23

     Plaintiffs Matthew Ross and Robert Magee were substituted as the class representatives on or about August 20, 2013.  Class Counsel in this matter is Alejandro P. Gutierrez, Esq. of the law firm of Hathaway, Perrett, Webster, Powers, Chrisman, and Gutierrez, and Daniel J. Palay and Brian D. Hefelfinger of Strauss & Palay, APC.

24
25
26

     In this lawsuit, Plaintiffs Ross and Magee, individually and on behalf of other members of the Certified Class, allege that they worked for Ecolab in California and were entitled to overtime compensation for hours worked in excess of eight (8) in one day or forty (40) per week, but that Ecolab failed to pay them overtime premium pay for those overtime hours worked.  Ecolab denies these allegations.

27
28

     A tentative settlement of the case has been reached with Ecolab.  The settlement applies to all members of the Certified Class.

2
**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

## II.    THE REASON YOU HAVE RECEIVED THIS NOTICE

You are a member of the Certified Class as you previously received notice of this matter back in 2012 and did not opt-out of the case.  Your rights will be affected because the current Class Representatives, Matthew Ross and Robert Magee, and Ecolab ("the Parties") have tentatively settled the lawsuit.  Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement.  By preliminary approval of the proposed settlement on May 11, 2016, the Court has preliminarily determined that this lawsuit could be settled against defendant.

You are hereby notified that:

1.  A settlement of the claims of the Certified Class has been proposed by Class Representatives Plaintiffs Ross and Magee, and Class Counsel, on the one hand, and Ecolab, on the other.

2.  The proposed Settlement has been submitted to the Court and has received preliminary approval.

3.  You and any other persons in the Certified Class have the right to object to the proposed settlement by following the procedures in Parts V of this notice.

4.  A hearing to finally approve the settlement is scheduled for August 31, 2016 at 9:00 A.M. in Courtroom 3, at the United States Courthouse, 3rd Floor, 1301 Clay Street, Oakland, CA 94612, before the Honorable Phyllis J. Hamilton, U.S. District Judge.

At the hearing, any member of the Certified Class may appear and object to the proposed settlement.  However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part V of this Notice have been followed.  You should read that part carefully.  Certified Class members who do not make objections in the manner provided in Part V of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits.  This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions.  In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.  You may obtain a copy of the Settlement Agreement by contacting Class Counsel, who are identified in Part VII below.

## III.    NATURE OF THE LAWSUIT

In this case, Plaintiffs sued Ecolab for damages for nonpayment of overtime for hours worked in excess of eight (8) in one workday or forty (40) in a workweek and for interest and penalties resulting from these violations.  Plaintiffs have additionally sued Ecolab for civil penalties for various violations of the California Labor Code, as permitted by the Private Attorneys General Act of 2004, Lab. Code § 2699 *et seq.* ("PAGA").  Ecolab denied and continues to deny all of the allegations made by the Plaintiffs.

The Plaintiffs and Ecolab have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Classes and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

As a member of the Certified Class, you will receive money from the proposed Settlement if the Court grants final approval. If the Settlement Agreement is approved you will be bound by its terms including the release of claims. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## IV.    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Ecolab has agreed to provide certain relief to persons in the Certified Class in exchange for a release of claims. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement Agreement, you may contact Class Counsel, whose names, addresses, and telephone numbers are listed below in Part VII. The relief granted by the proposed Settlement Agreement is summarized as follows:

1. Ecolab will pay the total sum ("Sum") of Thirty-Five Million Dollars ($35,000,000.00), less attorneys' fees and costs awarded to Class Counsel, any enhancement awarded to the Class Representatives James Icard, Matthew Ross and Robert Magee, the costs of the appointed Claims Administrator, and a payment of $100,000.00 to the California Labor Workforce and Development Agency (LWDA).

2. Out of the Sum, Ecolab will pay reasonable attorneys' fees in a maximum amount not to exceed $11,550,000 (33% of the Sum) and actual costs incurred by Class Counsel (not to exceed $100,000). All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to the Certified Class. Class Counsel will apply to the court for approval of their attorneys' fees and costs at the hearing scheduled for August 31, 2016 at 9:00 A.M.

3. Current Class Representatives Matthew Ross and Robert Magee will apply to the Court at the hearing scheduled for August 31, 2016 for an enhancement payment not to exceed $8,000 each in recognition of the time and efforts each has expended in this case on behalf of the Certified Class.

4. Former Class Representative James Icard will apply to the Court at the hearing scheduled for August 31, 2016 for an enhancement payment not to exceed $3,000 in recognition of the time and efforts he expended in this case on behalf of the Certified Class.

5. The Settlement provides monetary compensation to Certified Class members for unpaid overtime compensation, interest thereon, and PAGA penalties, as allowed under California state law.

6. Any Certified Class member has the right to object to the proposed settlement by following the procedures set forth in Part V below.

Based upon the equitable formula that has been devised, there will be substantial differences among Certified Class members as to the amount each individual participating Certified Class member will receive in settlement. The formula provides that each Certified Class Member will receive a portion of the settlement in proportion to the number of weeks that he/she worked for Ecolab as as RSM compared to all the weeks worked by all the Certified Class Members as an RSM from the time period of December 21, 2005 through the date of preliminary approval of the Settlement. Monies paid pursuant to the Settlement are taxable; Ecolab will make all lawful payroll deductions from 50% of each Class Member's payment, while the remaining 50% will be paid without payroll deductions.

## V.   HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you MUST take the following steps. Your failure to do so will be deemed a waiver of your objections and will result in a foreclosure of your right to make any objections to the Settlement, whether by appeal or otherwise:

A. So that it is postmarked by July 17, 2016, you MUST mail any objection by first class postage the Court at United States District Court, Northern District of California, United States Courthouse, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, CA 94612.

B. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

C. All written objections and supporting papers must (a) clearly identify the case name and number (*Ross et al* v. *Ecolab Inc.*, Case Number C 13-05097 PJH), (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before July 17, 2016."

## VI.   CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact either of the following Class Counsel:

Alejandro P. Gutierrez, Esq. at the law firm of Hathaway, Perrett, Webster, Powers, Chrisman, and Gutierrez, 5450 Telegraph Road, Suite 200, Ventura, California 93003, telephone (805) (805) 644-7111, e-mail address: agutierrez@hathawaylawfirm.com; or

1

Brian D. Hefelfinger, Esq. at Strauss & Palay, APC, 121 N. Fir Street, Suite F, Ventura, California 93001, telephone (805) 641-6600, email address: brian@strausspalay.com.

2

3    **PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR**
4    **THE OFFICE OF THE CLERK FOR INFORMATION REGARDING**
     **THIS SETTLEMENT OR THE CLAIM PROCESS.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

1

2

**EXHIBIT A**

**[name/ID#]**

ECOLAB's records indicate that during the applicable time period (December 21, 2005 through May 13, 2016), you worked _____ full workweeks as a California Route Manager, Route Sales Manager, or Sales Service Route Manager ("RSM") for ECOLAB.  If you disagree with the full workweeks figure as set forth above, you must notify the Claims Administrator in writing by the deadline of July 17, 2016 and attach documentation supporting your belief.   Failure to provide this information and satisfactory supporting documentation of the workweeks you believe you worked for ECOLAB during the applicable time period will result in any claim you submit being based solely on ECOLAB's records.

**ESTIMATED CLAIM AMOUNT**

**Based on your total full workweeks worked for ECOLAB during the Class Period, your estimated payment is $_____ ("Individual Settlement Amount").**  This estimated amount is only an estimate.  The actual amount of your Individual Settlement Amount may increase or decrease based on several factors, including the final amounts approved by the Court and disputes about workweeks raised by other Class Members.  As a result you may receive a smaller, or larger, payment.

**QUESTIONS**

If you have questions, please call or write to CPT Group, Inc. at the telephone number and address shown on page 1 above.