Alejandro P. Gutierrez, SBN 107688
**LAW OFFICES OF HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ, APC**
200 Hathaway Building
5450 Telegraph Road
Post Office Box 3577
Ventura, CA  93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
E-mail:  agutierrez@hathawaylawfirm.com

Daniel J. Palay, SBN 159348
Michael A. Strauss, SBN 246718
Brian D. Hefelfinger, SBN 253054
**STRAUSS & PALAY, APC**
121 N. Fir Street, Suite F
Ventura, CA  93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
E-mail:  djp@strausspalay.com

Attorneys for Plaintiffs and the Certified Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW ROSS, an individual; for himself and those similarly situated; ROBERT MAGEE, an individual, for himself and those similarly situated and ROES 1 through 30,000; and the Certified Class,<br><br>Plaintiffs,<br><br>vs.<br><br>ECOLAB, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO:   C 13-05097 PJH<br><br>Action filed December 21, 2009<br><br>**CLASS ACTION**<br><br>**DECLARATION OF DANIEL J. PALAY IN SUPPORT OF PLAINTIFFS'** *UNOPPOSED* **MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**<br><br>**Hearing:**<br>Date:            August 31, 2016<br>Time:            9:00 a.m.<br>Courtroom:   3, 3rd Floor |

1

DECLARATION OF DANIEL J. PALAY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

## DECLARATION OF DANIEL J. PALAY

I, Daniel J. Palay, declare as follows:

1. I am an attorney at law qualified to practice before the state and federal courts in California. I am one of the attorneys of record for Plaintiffs and Class Counsel for the certified class in the above-entitled action. I have personal knowledge of the facts stated in this declaration and if called upon, I would and could testify competently thereto. I make this declaration in support of Plaintiffs' Motion for Final Approval of Attorney's Fees.

## COUNSEL'S EFFORTS ON BEHALF OF THE CLASS

2. I have reviewed the concurrently filed Declaration of Alejandro P. Gutierrez in support of this Motion for Attorney's Fees. All of Mr. Gutierrez's explanations as to the effort expended by our two firms are true and correct. To avoid redundancy, I incorporate herein by this reference the factual narrative of the litigation events in this matter. Mr. Gutierrez and I have co-counseled this case for nearly seven years, and it has required double, sometimes triple the amount of work of a normal case. Obviously, the stakes were high, but Ecolab's defense of this case was at times unreasonable, and required substantial effort by myself and my colleagues. This was the case from day one and continued through the date we came to a settlement at the <u>third</u> mediation session between the parties.

3. I and other Class Counsel made every effort to litigate this case efficiently by apportioning tasks to reduce duplication of effort, while communicating regularly about strategy and tactics. I took the lead on gathering evidence, and responding to discovery, including the interviewing of nearly 100 witnesses. I was involved in the drafting of discovery, deposition taking and attendance, synthesis of documents and data produced and the response and preparation of numerous motions. As a lead attorney, I was involved in settlement discussions and strategy and in working with our statistical expert. I attended all three (3) mediations in this matter and traveled throughout California to meet witnesses and class members. In relation to the briefing tasks allocated to my firm, I spent many hours researching legal issues regarding the three exemptions that Ecolab was asserting.

## BACKGROUND AND EXPERIENCE

4.  I founded Palay Law Firm after the "retirement" of my long-time partner, Kevin McTague in about 2008. I have consistently represented employees in employment-related disputes for more than twenty (20) years. I received the award for Trial Lawyer of the Year for 2007 by the Trial Lawyers section of the Ventura County Bar Association. I have litigated hundreds of cases throughout my career, including what I believe to be one of the largest per-person recoveries in the history of California class action litigation. I earned my Juris Doctor degree in late 1991. I have been an active member of the State Bar of California since June 1992. I received my undergraduate degree from the University of Wisconsin at Madison.

5.  I have extensive experience in civil litigation and an over 20-year history of aggressive, successful prosecution of labor law cases, predominantly wage and hour class actions. For instance, in a wage and hour class action litigated to judgment, I succeeded in procuring an award of $51.2 million for the class. This recovery represented close to 100% of the compensatory damages suffered by class members, an exceptional and rare result. In fact, my efforts resulted in one of the largest per-person wage and hour awards in California history. Examples in which the I have represented Class members include: Alameda County Superior Court cases *May v. Quality Behavioral Outcomes LLC*, RG12628210 and *Britto v. Zep, Inc.*, VG-10553718; Kern County Superior Court cases *Calvillo v. Diamond Well Service*, S-1500-CV 259751; *Candete v. Cummings Transportation Service*, S-1500-CV 264301; *Carter v. B&L Tongs, LLC*, S-1500-CV-258154 SPC; and *Gutierrez v. Halliburton Energy Services, Inc.*, S-1500-CV-257557 SPC; Los Angeles County Superior Court cases *Cooper v. Ecolab Inc.*, BC486875 and *Henson v. Searles Valley Minerals Operations, Inc.*, BC404330; San Francisco Superior Court case *Icard v. Ecolab, Inc.*, CGC-09-495344; Solano County Superior Court case *Kenton v. PGD*, FCS 029221; Ventura County Superior Court cases *Bautista v. Alliance Environmental Group*, 56-2009-00357772-CU-OE-VTA; *Barragan v. Republic Drilling Co.*, 56-2007-00286959-CU-OE-VTA; *Cortez v. Pool California Energy Services, Inc.*, CIV 222363; *Gonzalez v. Key Energy Services, Inc.*, CIV 236497; *Hemosillo v. Kenai Drilling, Ltd.*, CIV 237210; *Hiriarte v. Weatherford U.S., L.P.*, CIV 247425; *Howe v. BTC Laboratories, Inc.*, CIV 233988; *Roe v. Ecolab, Inc.*, CIV 233936; and *Vasquez v. DCH (Oxnard) Inc.*, CIV 243055; United States District Court for

3

the Central District of California case *Ladore v. Ecolab, Inc.*, CV11-9386 GAF.

6. I have worked closely on this case for nearly seven years, beginning in 2009. Since that time, I have participated in all phases of the litigation, including researching the claims, analyzing the law, briefing and arguing motions on the pleadings, organizing discovery, taking and defending multiple depositions, including deposing Ecolab's expert and Ecolab's person most qualified on the topic of Ecolab's so called "commission" payments made to class members, developing expert testimony, preparing the case for trial, briefing Plaintiffs' motion for summary judgment, participating in settlement discussions, including preparing the mediation brief for and participating in the last and successful mediation. The Settlement Agreement was the result of hard fought and lengthy negotiations between Plaintiffs and Ecolab.

7. I have a keen understanding of the factual and legal issues involved in this case, as well as the relative strengths and weaknesses of Plaintiffs' claims. After careful and extensive review and analysis of the legal and factual issues and the evidence gathered in this case, I believe that the Settlement Agreement is fair, adequate, and reasonable and in the best interests of the Class members.

### HOURLY RATE

8. Class Counsel seek their fees on a percentage-of-the-benefit basis, rather than the lodestar basis. However, if the Court decides to perform a lodestar cross-check, the hourly rate I request the Court to use for cross-check purposes is $700 per hour.

9. In 2014, the Northern District of California found the reasonable hourly rate for my services (determined in a contested motion for attorney's fees) to be $650. *See Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4063144, at *5 (N.D. Cal. Aug. 15, 2014) ("Taking into account Mr. Palay's years in practice, his involvement in this case, and his background, reputation, and skill, a reasonable hourly rate for Mr. Palay is $650."). My rate has gone up in the last two years, and I believe that $700 per hour is a reasonable rate for my services currently in the Northern District of California.

///
///

4

DECLARATION OF DANIEL J. PALAY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

## HOURS WORKED

10. I have reviewed my billings for the work I performed or supervised in this case. Some of my time also was not recorded in the billings, or was reduced in the exercise of billing discretion, or was in older firm billing systems that are no longer supported. As such, Exhibit 2 to the concurrently filed Declaration of Brian D. Hefelfinger in Support of Motion for Attorney's Fees summarizes a *minimum* of the hours that I worked on this case. For lodestar cross-check purposes, and as detailed in Exhibit 2, I estimate that I have worked *at least* 800 hours on this case over the past seven years.

11. All of the time I put in the case was reasonable and necessary given the highly contested nature of the case. Nearly every aspect of procedure and substantive law, and in particular discovery, was contested by Ecolab in the case. Motion practice was the general rule rather than the exception in this case. Nonetheless, I made every effort to reduce attorney's fees by assigning work to the lowest billing timekeepers where feasible without compromising the work product. For example, work was assigned to associates when available and appropriate.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct. Executed this __4th__ day of August, 2016, at Boston, Massachusetts.

_____
Daniel J. Palay

DECLARATION OF DANIEL J. PALAY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES