1  Alejandro P. Gutierrez, SBN 107688
   agutierrez@hathawaylawfirm.com
   **HATHAWAY, PERRETT, WEBSTER,**
2  **POWERS, CHRISMAN & GUTIERREZ**
   A Professional Corporation
3  200 Hathaway Building
   5450 Telegraph Road
4  Post Office Box 3577
   Ventura, CA  93006-3577
5  Tel: (805) 644-7111; Fax: (805) 644-8296

6  Daniel J. Palay, SBN 159348
   djp@strausspalaylaw.com
7  Michael A. Strauss, SBN 246718
   mike@strausspalaylaw.com
8  Brian D. Hefelfinger, SBN 253054
   brian@strausspalaylaw.com
9  **STRAUSS & PALAY, APC**
   121 N. Fir Street, Suite F
10 Ventura, CA  93001
   Tel: (805) 641-6600; Fax: (805) 641-6607
11
   Attorneys for Plaintiffs and the Certified Class
12 ("Class Counsel")

13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16 MATHEW ROSS, an individual, for himself      )
   and those similarly situated; ROBERT MAGEE,  )   CASE NO:   C 13-5097 PJH
17 an individual, for himself and those similarly )
   situation; and ROES 1 through 30,000 and the )   CLASS ACTION
18 certified class,                             )
                                                )   **DECLARATION OF AARON**
19              Plaintiff,                      )   **KAUFMANN IN SUPPORT OF**
                                                )   **PLAINTIFFS' *UNOPPOSED* MOTION**
20        vs.                                   )   **FOR FINAL APPROVAL OF**
                                                )   **ATTORNEYS' FEES**
21 ECOLAB, INC., a Delaware Corporation; and    )
   DOES 1 through 100, inclusive,               )   **Hearing:**
22                                              )   **Date:**        **Aug. 31, 2016**
              Defendants.                       )   **Time:**        9:00 a.m.
23                                              )   **Courtroom.:**  3, 3rd Floor
                                                )
24                                              )
                                                )
25                                              )
                                                )
26 _____  )

27

28

DECLARATION OF AARON KAUFMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF ATTORNEY FEES

## DECLARATION OF AARON KAUFMANN

I, Aaron D. Kaufmann, hereby declare as follows:

1.  I am a member in good standing of the State Bar of California, admitted to practice before the Northern District of California, and a partner at Leonard Carder, LLP ("Leonard Carder").

2.  I make this declaration of personal knowledge, and if I am called as a witness I could and would testify competently to the facts stated herein.

3.  This declaration is made in support of Class Counsel's Motion for an Award of Attorney's Fees and Costs.

4.  I have litigated employment law cases for over 25 years. Prior to joining Leonard Carder in March 2011, I was a principal at Hinton, Alfert, Sumner & Kaufmann, where I represented employees in class and individual actions.

5.  I received a J.D. with honors from the University of California, Hastings College of the Law in 1990. I received a B.A. in Rhetoric from University of California at Berkeley in 1986. I clerked for the Honorable Edward Dean Price, United States District Judge, Eastern District of California in 1991.

6.  I am a Fellow of the College of Labor and Employment Lawyers. I have also been named a Northern California "Super Lawyer" in the area of Plaintiffs' side Employment Litigation every year since 2007 and have received an "AV" rating from Martindale-Hubbell. I am Co-Chair of the American Bar Association's ("ABA") Federal Labor Standards Legislation Committee and Co-Chair of the California Employment Lawyers Association's Wage and Hour Committee. I am Co-Editor-in-Chief of the ABA's Fair Labor Standards Act Treatise ("FLSA Treatise"). I am a member of the Board of Directors and Executive Committee for Legal Aid.

7.  I have published numerous articles on employment law, including: California Labor & Employment Law Review, "Experience Pays, but Interns May Have to Be Paid for Their Experience: When Interns Are Covered by Wage and Hour Laws" (November 2013); Forum (Consumer Attorneys of California Magazine), "The Changing Landscape of Wage & Hour Litigation" (July/August 2004); The Verdict (Alameda-Contra Costa Trial Lawyers' Assoc. Magazine), "Private Enforcement of California's Wage & Hour Laws" (Winter 2003-2004); Employment Discrimination Law, ABA,

1   Chapter Editor (2005 Edition, 2002 Supplement); California Labor & Employment Law Quarterly,

2   "Overtime Pay -- Who's Eligible, Who's Not" (Winter 2000) and "Public Sector Employer's

3   Obligations to Prevent Hostile Work Environments without Violating Free Speech Rights" (Summer

4   1997); California Employment Law Reporter, "Sizing the Prize: Calculating Overtime Back Pay for

5   Salaried Employees" (March 1999).

6        8.     I have been a frequent guest lecturer on wage and hour law and employment class

7   action litigation at the U.C. Berkeley School of Law, Hastings College of the Law, and the University

8   of Santa Clara Law School. I have also been a speaker at numerous conferences and meetings

9   addressing employment and wage and hour litigation, including programs put on by the Labor and

10   Employment Sections of the ABA, California State Bar, San Francisco and Marin County Bar

11   Associations; California Applicant Attorneys Association; American Conference Institute; Bridgeport

12   Continuing Legal Education; Lorman Group; the California Employment Lawyers Association

13   ("CELA"), and the National Employment Lawyers Association. I also served as the chair/organizer of

14   CELA's Advanced Wage and Hour Seminar for 2005-2008, and 2015-present.

15        9.     On April 4, 2014, I argued as amicus counsel for the California Employment Lawyers

16   Association to the California Supreme Court in the *Ayala v. Antelope Valley Newspapers, Inc.* case, in

17   which the Court took up whether a class action should be certified to address the allegation that over

18   500 newspaper carriers were misclassified as independent contractors and should have been treated as

19   employees for purposes of California Labor Code section 2802.

20        10.     I have served as class counsel in dozens of wage and hour class actions over the past

21   several years, including in the following cases: *Samaniego v. Empire Today, LLC*, Case No.: RG 10-

22   549294 (Alameda County) (Multi-million dollar settlement for a class of 550 carpet and flooring

23   installers); *Barber v. U.S. Bank National Ass'n*, Case No.: MSC11-02173 (Contra Costa County) ($4

24   million dollar settlement to reimburse out-of-pocket expenses to a class of 400 Mortgage Loan

25   Officers); *Hoenemier v. Sun Microsystems, Inc.*, Case No.: 106CV-071531 (Santa Clara County) ($5

26   million settlement for class of 150 technical writers, resolving overtime and meal period compensation

27   claims); *Watts v. Sysco Corp.*, Case No. RG09464228 (Alameda County) ($17.95 million class action

28   settlement to reimburse outside salespersons for mileage, cell phone, and home office expenses);

1   *Burdick v. U.S. Foodservice, Inc.*, Case No. RG09434440 (Alameda County) ($14.5 million class

2   action settlement to reimburse outside salespersons for their out-of-pocket job-related expenditures);

3   *Gundersen v. Lennar Homes*, Case No. CV-09-2270 CRB (N.D. Cal.) ( $2.9 million class action

4   settlement [Oct. 23, 2011 final approval hearing] in overtime/meal period exemption misclassification

5   case on behalf of assistant construction managers); Tech Writer Overtime Misclassification ($1.4

6   million class action settlement with major Silicon Valley tech firm to resolve overtime and meal

7   period claims on behalf of 40 technical writers); Vacation Forfeiture Claims against Temp Agency

8   ($1.2 million vacation wages settlement under Illinois law for "temporary" employees of national

9   employment agency); Expense Reimbursement for Outside Salespeople ($4.95 million class action

10  settlement with national multimedia corporation for expense reimbursements for outside salespersons);

11  Vacation Forfeiture Claims for Security Company Workers ($5.4 million class settlement of litigation

12  against national private security company of unpaid vacation under California Labor Code); Unlawful

13  Commission Pay Plan case ($5.5 million class action settlement with international communications

14  corporation on unlawful commission pay plan case); Retail Employees' Meal Period Claims ($3.8

15  million class action settlement with national retail chain to resolve meal period violation claims on

16  behalf of approximately 3,000 current and former store assistant managers); Overtime and Expense

17  Reimbursement Case for Salespeople ($20 million class action settlement with national multimedia

18  corporation for a class of 1,600 account executives who were not paid overtime or reimbursed for

19  business expenses); Overtime Misclassification of Insurance Salespeople ($11.2 million class and

20  collective action settlement with major California insurance company to resolve overtime and related

21  claims on behalf of insurance salespeople in three states); Overtime Misclassification of Risk Analysts

22  ($2.5 million settlement with international banking institution in overtime/meal period exemption

23  misclassification case for a class of 196 risk analysts); Overtime Claims for Movie Theater Managers

24  ($810,000 class action settlement with national chain of independent theaters for overtime and meal

25  period claims on behalf of approximately 60 member class of movie theaters managers and assistant

26  managers); Overtime Misclassification of Hotel Managers ($5.18 million statewide class action

27  settlement with national chain of motels to resolve overtime and related claims for hotel managers);.

28  Vacation Forfeiture Case for Retail Workers ($1.81 million settlement with national retailer of

1   vacation forfeiture class action); Overtime and Related Claims for Insurance Salespeople ($19.5

2   million class and collective action settlement with major California auto insurance corporation to

3   resolve overtime and related claims on behalf of insurance salespersons).

4        11.    My current hourly rate is $825 per hour, which is the rate I currently charge to clients

5   paying on an hourly basis. It is also the rate that I have submitted to courts in connection with

6   applications for awards of fees in fee-shifting cases and class action settlements.

7        12.    In my firm, we employ attorneys of varying years of experience in class action

8   litigation. The current hourly rates for attorneys in my firm that work on such litigation are as follows:

9   Partners with experience levels of 10 to 30 years bill out in the range of $675 to $850 and Associates

10  bill out at $400 to $525.

11       13.    The current hourly rates for senior paralegals in my firm are $275 per hour.

12       14.    Based on my professional experience and my knowledge of the legal community in the

13  San Francisco Bay Area, I believe my firm's billing rates are commensurate with the rates charged by

14  other firms with similar experience and expertise in the field in this market.

15       15.    I do not personally know Class Counsel in the *Ross v. Ecolab Inc.* matter. However, I

16  have a general understanding of the facts of the case and the settlement thereof. It is my understanding

17  that the case involves a class of approximately 212 employees of Ecolab and the plaintiffs alleged that

18  Ecolab failed to pay overtime and meal period premiums in violation of California law. It is my

19  further understanding that the parties reached a non-reversionary $35,000,000 settlement on behalf of

20  the class after nearly seven years of litigation. Class Counsel had successfully certified the class in

21  2012 and obtained summary adjudication of Ecolab's exemption defenses and defeated Ecolab's

22  decertification bid in 2015. *See Ross v. Ecolab Inc.*, No. 13-CV-5097-PJH, 2015 WL 5681323, at *3-

23  11 (N.D. Cal. Sept. 28, 2015).

24       16.    The results achieved in *Ross* are excellent a testament to the skill of Class Counsel. A

25  gross per capita settlement of $165,000 is outstanding.

26       17.    I further understand that Class Counsel in *Ross* are now attempting to establish their

27  lodestar for cross-check purposes. The rates I am informed and believe that Class Counsel are seeking

28  are as follows, organized by name, bar passage year, and role:

**DECLARATION OF AARON KAUFMANN**

| Name | Year Admitted to California Bar | Position | Hourly Rate Sought |
|---|---|---|---|
| Alejandro P. Gutierrez | 1983 | Attorney | $800 |
| Daniel J. Palay | 1997 | Attorney | $700 |
| Michael A. Strauss | 2006 | Attorney | $500 |
| Jenna H. Strauss | 2006 | Attorney | $500 |
| Brian D. Hefelfinger | 2007 | Attorney | $450 |
| Adam A. Acevedo | 2008 | Attorney | $400 |
| Coleen DeLeon | N/A | Paralegal | $195 |
| Debra D. Acevedo | N/A | Paralegal | $195 |

18.    Based on my personal knowledge of attorney rates in the San Francisco Bay Area and my own firm's rates, I believe that the rates sought by Class Counsel are reasonable for class action attorneys with comparable experience and skill in the local community.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. If called as a witness, I could and would testify competently to the matters stated herein.

Executed at Oakland, California on Aug 1, 2016.

Aaron Kaufmann

DECLARATION OF AARON KAUFMANN