# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATHEW ROSS, an individual; for himself and those similarly situated; ROBERT MAGEE an individual; for himself and those similarly situated and ROES 1 through 30,000 and the proposed class,<br><br>Plaintiffs,<br><br>vs.<br><br>ECOLAB, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO:    C 13-05097 PJH<br><br>(Removed from San Francisco Superior Court Case No. CGC-09-495344)<br><br>*Assigned to:  Hon. Phyllis J. Hamilton*<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |

Subject to the approval of the Court, this Joint Stipulation of Class Settlement and Release ("Settlement") is made and entered into by and between Plaintiffs MATTHEW ROSS and ROBERT MAGEE ("Named Plaintiffs"), individually and as class representatives of the Class Members, as defined below, (collectively, the "Class"), on the one hand, and Defendant ECOLAB INC., including its officer, directors, shareholders, managing agents, representatives, attorneys, successors, assigns, predecessors, successors, affiliates, parents, subsidiaries, and related companies (collectively "Ecolab"), on the other hand.  The Class and Ecolab are jointly referred to in this Settlement as the "Settling Parties."

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**DEFINITIONS**

In addition to the other terms defined elsewhere in this Settlement, the terms below have the following meanings in this Settlement:

## I.   DEFINITIONS

**A.**   "Action" means the civil action entitled *Matthew Ross, et al v. Ecolab Inc.,* Northern District of California Case Number C13-05097-PJH, which was commenced on December 21, 2009, by plaintiff James Icard in the Superior Court of California, County of San Francisco, originally captioned as *James Icard v. Ecolab, Inc.,* San Francisco Superior Court Case No. CGC-09-495344, and later removed to the U.S. District Court for the Northern District of California (hereinafter the "Court"), pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. §§ 1332, 1441, and 1453).

**B.**   "Claims Administration Costs" means all fees and costs owed to the Claims Administrator in connection with administering the class settlement in this Action under the terms of this Settlement.

**C.**   "Claims Administrator" means the third-party administrator appointed by the Court to administer the class action settlement of this Action under the terms of this Settlement. CPT Group shall serve as the Claims Administrator, subject to the Court's approval.

**D.**   "Class Counsel" means the law firms of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez and Strauss & Palay, APC.

**E.**   "Class Counsel Fees and Expenses" means the total amount of attorneys' fees, litigation costs, and expenses awarded to Class Counsel by the Court to compensate them for their representation of the Class in this Action, including their pre-filing investigation, their filing of the Action, all related litigation activities including discovery, the motion for class certification and summary judgment, this Settlement, and all post-Settlement compliance procedures.

**F.**   "Class Members" means all Ecolab Route Managers, Route Sales Managers, and PureForce division Sales Service Route Managers (hereafter referred to collectively as "RSMs"), as of the date the San Francisco Superior Court certified a class on May 25, 2012, as amended on November 20, 2015 , unless an individual  opted out of the Action.  There are a total of 213 Class Members, including the Named Plaintiffs.

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1                                   CASE NO. C 13-05097 PJH

1    **G.**      "Class Period" shall mean the period of time from December 21, 2005 through the

2    date the Court grants preliminary approval of the Settlement.

3    **H.**      "Class Representative Incentive Award" means the amounts awarded by the Court

4    to each of the class representatives, current named plaintiffs Matthew Ross and Robert Magee, as

5    well as former class representative James Icard.  Pursuant to the terms of this Settlement, incentive

6    awards shall be requested in the amounts of up to and not to exceed: (1) $8,000 for Matthew Ross;

7    (2) $8,000 for Robert Magee; and (3) $3,000 for James Icard.

8    **I.**      "Class Representatives" shall mean the current named plaintiffs, Matthew Ross and

9    Robert Magee, as well as the former class representative and former named plaintiff James Icard.

10   **J.**      "Compensable Weeks Worked" means for each Class Member the total number of

11   weeks during the Class Period in which the Class Member performed work for Ecolab in California

12   as an RSM.  "Compensable Weeks Worked" shall include all weeks for which Ecolab's payroll

13   records reflect that a Class Member received any pay for work performed (*e.g.*, a Class Member who

14   is on leave for an entire week does not receive "pay for work performed" during that period,

15   regardless of whether the leave is paid).

16   **K.**      "Court" means the United States District Court, Northern District of California.

17   **L.**      "Ecolab's Counsel" means Jody A. Landry and John A. Ybarra, of Littler

18   Mendelson, PC.

19   **M.**      "Effective Date" means the date by which all of the following have occurred:

20          1.      The Court has finally approved the Settlement and entered Judgment thereon;

21          2.      The Court issues an order dismissing the Action; and

22          3.      The Judgment has become Final, as defined herein below.

23   **N.**      "Final" means that the Settlement has been finally approved by the Court without

24   material modification and either: (i) the applicable date for seeking appellate review of the Court's

25   final approval of the Settlement has passed without a timely appeal or request for review having

26   been made; or (ii) if an appeal, review or writ is sought from the final judgment (including an appeal

27   by Class Counsel of any fee reduction), the day after the judgment is affirmed or the appeal, review

28   or writ is dismissed or denied, and the judgment is no longer subject to further judicial review.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

2                                    CASE NO. C 13-05097 PJH

1    **O.**    "Final Approval Hearing" means the hearing to be conducted by the Court to
2    determine whether to finally approve and implement the terms of this Settlement.

3    **P.**    "Gross Maximum Settlement Amount" is the total maximum potential monetary
4    value of the settlement payable by Ecolab as provided herein, which is Thirty-Five Million Dollars
5    ($35,000,000.00).  The Gross Settlement Amount is inclusive of all payments to Class Members
6    under the terms of this Settlement, Class Counsel Fees (up to and not to exceed $11,550,000 or 33%
7    of the Gross Settlement Amount) and Expenses (not to exceed $100,000) awarded by the Court, the
8    Class Representative Incentive Award (in the discrete amounts stated hereinabove in paragraph "H")
9    approved by the Court, Claims Administration Costs (not to exceed $15,000), and the LWDA
10   Payment defined below.

11   **Q.**    "Judgment" means the judgment entered by the Court after it grants final approval
12   of this Settlement.

13   **R.**    "Net Settlement Amount" means the Gross Maximum Settlement Amount less Class
14   Counsel Fees (up to and not to exceed 33% of the Gross Settlement Amount) and Expenses (not to
15   exceed $100,000) approved by the Court, the Class Representatives' Incentive Award (up to $19,000
16   total for all of the named plaintiffs identified in paragraph "H," above) approved by the Court, the
17   LWDA Payment defined below, the Claims Administration Costs (not to exceed $15,000).

18   **S.**    "Preliminary Approval of the Settlement" means the Court's preliminary approval of
19   the Settlement.

20   **T.**    "Settlement Share" means the amount of each Class Member's share of the Net
21   Settlement Amount, as determined in accordance with the terms of this Settlement.

22   **U.**    "Weekly Payout Amount" means, and is calculated by, the Net Settlement Amount
23   divided by the number of work weeks worked by all Class Members during the Class Period.

24   **II.    RECITALS**

25   **A.**    On December 21, 2009 James Icard filed a class action complaint against Ecolab Inc.
26   in the Superior Court of California, County of San Francisco.  The Complaint alleged violations of
27   California's overtime laws, meal period laws, wage statement laws, and unfair business practices
28   based on a number of alleged violations of the California Labor Code.  The action, by way of

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3                                          CASE NO. C 13-05097 PJH

1    amendment, subsequently included a claim for penalties under the Private Attorney General Act

2    ("PAGA").

3         **B.**     Class Counsel filed a motion for class certification on February 10, 2012, which was

4    opposed by Ecolab.  The Superior Court for the County of San Francisco granted the motion for

5    class certification on May 25, 2012.  Soon thereafter notice went out to the RSMs that met the class

6    definition and they were provided with the opportunity to opt-out.  After that process was completed

7    there were 213 Class Members.

8         **C.**     On or about October 2, 2013, Class Counsel submitted a letter to California's Labor

9    Workforce Development Agency ("LWDA") pursuant to PAGA, to bring claims in a representative

10   capacity for civil penalties under PAGA for alleged violations of the California Labor Code.

11        **D.**     On or about October 31, 2013, the Action was removed by Ecolab, to the United

12   States District Court for the Northern District of California.

13        **E.**     On or about April 7, 2014, Plaintiffs and the Certified Class filed a Third Amended

14   Complaint in the action, which is the operative Complaint.

15        **F.**     On or about August 13, 2014, Ecolab filed its operative answer and affirmative

16   defenses to the Third Amended Complaint.

17        **G.**     On November 20, 2015 the Court signed an order that the individuals who received

18   notice of class certification in 2012, who worked in the Pureforce division, who did not opt-out,

19   were Class Members.

20        **H.**     On February 12, 2016 the Settling Parties attended mediation with Hunter R. Hughes

21   III, a nationally distinguished labor and employment mediator.  After lengthy negotiations during

22   which the Class, represented by their counsel, and Ecolab, represented by its counsel, recognized the

23   burdens and risk of continuing with the litigation, the Parties reached an agreement to settle and

24   resolve all claims alleged in the operative Complaint or which could have been alleged based on the

25   allegations in the Complaint.  At the mediation, the Settling Parties agreed to certain materials terms

26   of a settlement agreement, which were set forth in a term sheet and signed by representatives for the

27   Parties ("Settlement Terms"). This Settlement supersedes the Settlement Terms that the Settling

28   Parties signed on February 12, 2016.  Said document has no further force and effect once this

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4                                    CASE NO. C 13-05097 PJH

1    Settlement is signed.

2         I.        This Settlement represents a compromise and settlement of highly disputed claims.

3    Nothing in the Settlement is intended, or may be construed, as an admission by Ecolab that any of

4    the claims alleged in the Action have merit, or that Ecolab bears any liability to the Class Members

5    on those claims, nor as an admission by the Class Members that Ecolab's defenses in the Action

6    have merit.

7         Based on these Recitals, the Settling Parties hereby agree as follows.

8    **III.      SETTLEMENT TERMS AND CONDITIONS**

9         **A.        Gross Maximum Settlement Amount.**  In order to settle the claims in this Action,

10   Ecolab agrees to pay a maximum gross sum of Thirty-Five Million Dollars ($35,000,000.00). This

11   Gross Maximum Settlement Amount is inclusive of: all payments to Class Members under the terms

12   of this Settlement; PAGA Penalties; Class Counsel Fees (up to and not to exceed $11,550,000 or

13   33% of the Gross Settlement Amount) and Expenses (not to exceed $100,000) awarded by the Court;

14   the Class Representative Incentive Awards (collectively, up to $19,000 distributed as set forth in

15   Definitions paragraph "H") approved by the Court; Claims Administration Costs (not to exceed

16   $15,000); and all federal, state and local taxes (employee side).  In addition to the Gross Settlement

17   Amount, Ecolab agrees to pay its share of any taxes owed for wages paid to the Class Members

18   (employer's share of FICA).  No other amounts will be paid by Ecolab to the Class or their counsel.

19        **B.        Class Counsel Fees And Expenses.**  Ecolab and their counsel will not oppose the

20   application to the Court by the Class for an award of Class Counsel Fees and Expenses consisting of:

21   (1) up to 33% ($11,550,000.00) of the Gross Maximum Settlement Amount for attorneys' fees; and

22   (2) up to One Hundred Thousand Dollars ($100,000.00) for reimbursement of Class Counsel's costs.

23   Class Members and Class Counsel shall not seek payment of attorneys' fees or reimbursement of

24   costs or expenses except as set forth herein.  The award of such Class Counsel Fees and Expenses

25   will be paid from the Gross Maximum Settlement Amount.  Ecolab (or the Claims Administrator)

26   will issue an IRS Form 1099 to Class Counsel with respect to the attorneys' fees and costs awarded

27   to them.  Ecolab agrees not to oppose a motion for attorney's fees or a bill of costs for the

28   aforementioned amount should not be construed as approval or endorsement by Ecolab of the

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5                                                    CASE NO. C 13-05097 PJH

1    amount sought. Whatever attorney's fees and costs the Court approves shall be paid from the Gross
2    Maximum Settlement Amount. Should the Court approve less than the amount of fees and costs
3    requested by Class Counsel, and Class Representative chooses not to appeal that decision, the
4    difference shall be included in the Net Settlement Amount. However, if Class Counsel and/or the
5    Class files a timely appeal regarding the amount of Class Counsel Fees and Costs approved by the
6    Court, Ecolab shall not be required to fund any portion of the Gross Maximum Settlement Amount,
7    and the Claims Administrator shall not distribute or pay any monies, until such appeal has been
8    finally resolved or dismissed with prejudice.

9       **C.    LWDA Payment.**  Of the Maximum Settlement Amount, $100,000.00 shall be
10   deemed payment for the State of California Labor Workforce Development Agency ("LWDA")
11   share of PAGA Penalties, all of which will be payable out of the Gross Maximum Settlement
12   Amount. This payment represents the 75% amount allocated to PAGA Penalties that will be paid to
13   the LWDA. The remaining 25% is included in the Net Settlement Amount.

14      **D.    Class Representative Incentive Awards.**

15      1.    Class Counsel will request, and Ecolab will not oppose, payment of an incentive
16   award to the named plaintiffs in the Action, two current and one former, in an aggregate amount up
17   to and not to exceed Nineteen Thousand Dollars ($19,000.00). Pursuant to the terms of this
18   Settlement, incentive awards shall be requested in the amounts of: (1) $8,000 for Matthew Ross; (2)
19   $8,000 for Robert Magee; and (3) $3,000 for James Icard. The incentive awards to each is intended
20   as reasonable additional compensation for the time and effort expended by each of them in
21   connection with the initiation and maintenance of this Action. The Class Representative Incentive
22   Awards will be paid from the Gross Maximum Settlement Amount, and is in addition to whatever
23   payment the named plaintiffs are otherwise entitled to as a Class Member. The Class Representative
24   Incentive Awards will be reported to the taxing authorities by means of an IRS Form 1099. The
25   amount(s) of the Class Representative Incentive Awards is left to and within the Court's sole
26   discretion. Ecolab agrees not to oppose an application for the Class Representative Incentive
27   Awards; however, that should not be construed as approval or endorsement by Ecolab of the amount
28   sought. Whatever Class Representative Incentive Award(s) the Court orders shall be paid from the

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6                                    CASE NO. C 13-05097 PJH

1   Gross Maximum Settlement Amount.  Should the Court approve less than the amount of the Class

2   Representative Incentive Awards requested, or not at all, the difference shall be included in the Net

3   Settlement Amount.  The Parties agree that the approval, and amount, of any incentive awards in this

4   Action shall be in the Court's sole discretion and not subject to any appeal by the named plaintiffs

5   who are the intended recipients of any approved Class Representative Incentive Awards.  This

6   Settlement is not contingent on the Named Plaintiffs' receipt of any incentive award out of the

7   Settlement Amount.

8       2.      The Class Representatives acknowledge and agree that Ecolab and its attorneys have

9   made no representations or warranties regarding the tax consequences of payment of the Incentive

10  Award, and Class Representatives have not relied on any such representations or warranties.  Class

11  Representatives further agree to pay and bear sole responsibility for all taxes, liens, levies,

12  encumbrances, interest, and penalties that may be due or payable to any taxing authority as a result

13  of payment of the Incentive Award.  Furthermore, Class Representatives agree to defend and

14  indemnify Ecolab in connection with any taxes, fines interest or penalties incurred as a result of any

15  failure by Class Representatives to pay taxes due, if any, on the Incentive Award paid pursuant to

16  this Agreement.

17      **E.      Claims Administration Costs**.  The parties agree that CPT Group, Inc. ("CPT")

18  will act as the Claims Administrator in this matter.  Class Counsel has or will obtain a "not to

19  exceed" quote from CPT.  The "not to exceed" quote will represent the Claims Administrator's

20  agreement that, based on the class size and distributions under the terms of this Settlement, the costs

21  for administration of the terms of this Settlement will not exceed a specified monetary amount.  All

22  of the Claims Administration Costs shall be paid from the Gross Settlement Amount upon

23  completion of all duties required to be performed by the Claims Administrator under the terms of

24  this Settlement, or as otherwise required by the Court, subject to the "not to exceed" quote from the

25  agreed upon Claims Administrator.

26      **F.      Settlement Shares**.  After deducting the Class Counsel Fees and Expenses, the

27  Class Representative Incentive Awards, the LWDA Payment, and the Claims Administration

28  Expenses, the remainder of the Gross Maximum Settlement Amount (the "Net Settlement Amount")

LITTLER MENDELSON, P.C
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

CASE NO. C 13-05097 PJH

1  will be divided and distributed to Class as follows:

2      1.    Payment To Class Members.

3          The amount that each Class Member will be eligible to receive under the Settlement will be

4  determined by converting the Net Settlement Amount into a weekly value. The weekly value will be

5  established by dividing the Net Settlement Amount by all full workweeks worked by the 213

6  members of the Class as an RSM. The weeks worked during the class period will be derived from

7  the hire and termination dates and payroll data in Ecolab's records to be supplied to the

8  Administrator. Leave of absence weeks will be excluded.

9          The gross settlement award for each Class Member will be determined by multiplying the

10  weekly value by the number of weeks they individually worked during the class period.

11          The gross settlement award will be apportioned as follows: 50% as wages and 50% for

12  interest, penalties and any other claims damages. The amounts paid as wages (the "Wage

13  Component") shall be subject to all tax withholdings customarily made from employee's wages and

14  all other authorized and required withholdings and shall be reported by W-2 forms. Payment of all

15  amounts will be made subject to backup withholding unless a duly executed W-9 form is received

16  from the payee(s). The amounts paid as penalties and interest shall be subject to all authorized and

17  required withholdings other than the tax withholdings customarily made from employees' wages and

18  shall be reported by IRS 1099 forms.

19          Ecolab shall be responsible for paying the employer side share of any taxes owed on the

20  wage component. The Administrator is responsible to calculate and notify Ecolab of the amount it

21  must pay to cover these taxes.

22      2.    Distributions.

23          Within five (5) business days of the Effective Date, the Claims Administrator will notify

24  Class Counsel and Ecolab's Counsel of the account where Ecolab shall wire the Gross Settlement

25  Amount, plus the amount Ecolab must pay to cover the employer's share of taxes on the Gross Wage

26  Component of the Settlement.

27      a.    Ecolab shall wire said amounts within ten (10) business days of receiving notice.

28      b.    The Claims Administrator will distribute checks to Class Members (for their

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

8    CASE NO. C 13-05097 PJH

1    Settlement Awards), to the LWDA (for PAGA penalties), to the Named Plaintiffs (for the Class

2    Representative Incentive Award approved by the Court, along with their respective Settlement

3    Awards), and to Class Counsel (for the Class Counsel Fees and Expenses approved by the Court)

4    within five (5) business days of receipt of payment from Ecolab pursuant to this Paragraph.

5            c.      Settlement checks issued to Class Members will expire one hundred and twenty (120)

6    days from the date they are issued by the Claims Administrator.  Any check not cashed within 120

7    calendar days will be void.  Within 30 days after the check stale date the money from the uncashed

8    checks shall escheat to the State of California Unclaimed Wages fund, in the name of the Class

9    Member.

10           4.     Taxes.  The Claims Administrator will issue a W-2 Form to each Class Member for

11   the Wage Component of each Class Member's Individual Gross Settlement Amount made under the

12   Settlement Agreement, a 1099 form to each Participating Class Member for the Class Member's

13   Penalty/Interest Payment, a 1099 Form to the Named Plaintiffs for the Class Representative

14   Incentive Award, a 1099 Form to Class Counsel for the Class Counsel Fees and Expenses, and a

15   1099 Form to the Claims Administrator for all Claims Administration Costs.  All Class Members

16   covered by this Settlement agree that they are not relying on any representations regarding the tax

17   allocation or treatment of any amounts paid to them under the terms of this Settlement and agree to

18   hold Ecolab harmless for any and all tax consequences relating to the allocation of the payments

19   made under this Settlement.

20           G.      **Payments To Class Do Not Trigger Additional or Derivative Payments.**  It is

21   expressly understood and agreed that the receipt of settlement payments will not entitle any Class

22   Member to additional or derivative compensation or benefits under any company bonus, contest or

23   other compensation or benefit plan or agreement in place during the period covered by the

24   Settlement, nor will it entitle any Class Member to any increased retirement, 401k benefits or

25   matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the

26   settlement awards provided for in this Agreement are the sole payments to be made by Ecolab to the

27   Class Members, and that the Class Members are not entitled to any additional or derivative

28   compensation or benefits as a result of having received the settlement payments (notwithstanding

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9                                                  CASE NO. C 13-05097 PJH

1    any contrary language or agreement in any benefit or compensation plan document that might have
2    been in effect during the period covered by this Settlement).

3    **H.    Motion For Preliminary Approval.**

4    1.    Class Counsel will file an unopposed motion with the Court (the "Preliminary
5    Approval Motion") seeking an order approving the Settlement; setting a date for the Final Approval
6    Hearing; and approving the Notice of Settlement to the Class, Preliminary Approval of the Class
7    Settlement, and Final Approval Hearing (the "Class Notice") (in the form attached hereto as
8    "Exhibit A"), and the procedure for objecting to the Settlement. Ecolab's counsel will file a notice
9    of non- opposition to the motion.

10    2.    At the hearing on the Preliminary Approval Motion, the Settling Parties will jointly
11    appear, and support the granting of the motion, and submit a Proposed Order Approving The
12    Settlement, Approving Notice to Class and Claim Form, and Setting Hearing for Final Approval of
13    Settlement (the "Proposed Order"). The Proposed Order to be submitted to the Court is attached
14    hereto as "Exhibit B."

15    3.    Should the Court, after a reasonable opportunity to cure and remedy any stated
16    deficiencies, ultimately decline to grant preliminarily approval of the Settlement as proposed by the
17    Parties, then the Settlement is terminated and the parties will revert to their respective positions.

18    **I.    Mailing Of Class Notice And Class Forms To Class Members.**

19    After the Court enters its order granting preliminary approval of the Settlement, all Class
20    Members will be provided with the Notice (completed to reflect the order granting preliminary
21    approval of the Settlement) by the Claims Administrator as follows:

22    1.    Within ten (10) calendar days after the Court grants preliminary approval of the
23    Settlement, Ecolab will provide to the Claims Administrator updated contact information for the 213
24    Class Members, including last known addresses and telephone numbers (if available in Ecolab's data
25    systems), Social Security numbers, the dates of hire and, if applicable, termination date for each
26    Class Member. The list of Class Members will be provided to Class Counsel to be used for no
27    purpose other than to monitor the settlement and to facilitate the Claims Administrator with
28    management of any updated address information. The data provided to the Claims Administrator,

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 600
San Diego, CA 92101.3577
619.232.0441

10                                CASE NO. C 13-05097 PJH

1    and the list of Class Members provided to the Claims Administrator and Class Counsel, will be

2    treated as confidential and will not be disclosed to anyone, except as may be required to applicable

3    tax authorities, pursuant to Ecolab's express written consent, by order of the Court, or to carry out

4    the reasonable steps described in this Settlement to locate missing Class Members.

5          2.      Within ten (10) calendar days after receiving the Class Member information from

6    Ecolab, the Claims Administrator will mail the Class Notice to all identified Class Members via

7    first-class regular U.S. Mail, using the last known address information provided by Ecolab, unless

8    such address is modified by any updated address information that the Claims Administrator obtains

9    in the course of administration of the Settlement.  Prior to completing this mailing, the Claims

10    Administrator will perform a National Change of Address ("NCOA") search to confirm the validity

11    of each listed Class Member's address.

12          3.      If any Class Notices are returned as undeliverable within thirty (30) calendar days of

13    the mailing of the Class Notice with a forwarding address, the Claims Administrator shall have five

14    (5) calendar days to re-mail the Class notice to the forwarding address.  If any Class Notices are

15    returned as undeliverable within thirty (30) calendar days of the mailing of the Class Notice without

16    a forwarding address, the Settlement Administrator will have five (5) calendar days from receipt of

17    the returned Class Notices to search for a more current address for the Class Member and to re-mail

18    the Class Notice to the Class Member.  This inquiry shall include a skip-trace search.  The Claims

19    Administrator will be responsible for taking all reasonable steps, consistent with its agreed upon job

20    parameters, Court orders and fee, as agreed to with Class Counsel and according to the deadlines set

21    forth in this Settlement, to trace the mailing address of any Class Member for whom a Class Notice

22    is returned by the U.S. Postal Service as undeliverable.  These reasonable steps will include, at a

23    minimum, the tracking of all undelivered mail, performing an address search for all mail returned

24    without a forwarding address, and promptly re-mailing the Class Notice and Claim Form to Class

25    Members for whom new addresses are found.  If the Class Notice is re-mailed, the Settlement

26    Administrator will note for its own records the date and address of each such re-mailing and so

27    notify Class Counsel and Ecolab's Counsel.  The obligation to trace and resend returned Class

28    Notices shall cease after two mailings or thirty (30) calendar days after the initial mailing, whichever

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

11

CASE NO. C 13-05097 PJH

1  occurs first.  The time period to respond may not be extended on account of a returned or

2  undeliverable mailing.

3        4.  The Claims Administrator shall provide weekly status reports to counsel for the

4  Parties, including: (a) the number of Class Notices mailed; (b) the number of Claim Forms filed; (c)

5  the number of objections filed; and (d) the number of Requests for Exclusion filed.

6        5.  No later than thirty (30) calendar days before the Final Approval Hearing, the

7  Settlement Administrator will serve on Class Counsel and Ecolab's counsel, for filing with the Court

8  in support of Plaintiff's motion for final approval of the Settlement, a declaration of due diligence

9  setting forth its compliance with its obligations under this Settlement.

10      **J.**    **Objections To Settlement.**

11        Class Members may submit objections to the Settlement pursuant to the following

12  procedures:

13        1.  The Class Notice will provide that Class Members who wish to object to the

14  Settlement must file with the Court and serve on the Claims Administrator and Counsel for the

15  Settling Parties, not later than forty-five (45) calendar days after the date that the Claims

16  Administrator first mails the Class Notice ("Objection Deadline"), a written statement objecting to

17  the Settlement and setting forth the grounds for the objection.  The written statement of objection

18  must indicate whether the Class Member intends to appear and object to the Settlement at the Final

19  Approval Hearing, and the failure to so indicate will constitute a waiver of the right to appear at the

20  Final Approval Hearing.

21        2.  A Class Member who does not file and timely serve an objection in the manner and

22  by the Objection Deadline specified above will be deemed to have waived all objections and will be

23  foreclosed from making any objections to the Settlement, whether by appeal or otherwise.

24        3.  If a Class Member who has timely filed an objection to the Settlement files a Notice

25  of Appeal of the judgment within the time period prescribed by law, Ecolab shall not be required to

26  fund any portion of the Gross Maximum Settlement Amount, and the Claims Administrator shall not

27  distribute or pay any monies until the appeal(s) are finally resolved in favor of the settlement or

28  dismissed with prejudice.

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619.232.0441

12

CASE NO. C 13-05097 PJH

**K.     Resolution of Class Member Disputes Over Compensable Weeks Worked.**

1.      If a Class Member disputes the number of Compensable Weeks Worked stated for that Class Member in the Claim Form, the Class Member must ask the Claims Administrator to resolve the matter by submitting in writing under penalty of perjury the number of Compensable Weeks Worked that the Class Member claims to have actually worked for Ecolab in California in a covered position during the Class Period. Such Class Members also will be asked to submit all supporting documentation they may have. If such a dispute arises, Ecolab will manually review its payroll and personnel records to verify the correct number of Compensable Weeks Worked. Ecolab's records shall have a rebuttable presumption of correctness.

2.      After consultation with Class Counsel and Counsel for Ecolab, the Claims Administrator will make a determination of the Class Member's Compensable Weeks Worked. This determination shall be final and binding on the Settling Parties and the Class Member unless a request for review thereof is submitted by Class Counsel (on behalf of the affected Class Member) or Counsel for Ecolab to the Court, which will make a final decision at the Final Approval Hearing, and is non-appealable.

**L.     No Solicitation of Objections or Requests for Exclusion.** Neither the Settling Parties nor their respective counsel or management will solicit or otherwise encourage any Class Member, directly or indirectly, to object to the Settlement, or appeal from the Judgment.

**M.     Additional Briefing and Final Approval.**

1.      As soon as practicable following the deadline for the filing of claims, Class Counsel will file with the Court a motion for final approval of the Settlement and a memorandum in support of his motion, which Ecolab agrees it will not oppose so long as the motion is in all respects consistent with the terms of this Settlement. While the notice period is pending, the Class Members and Class Counsel will also move for an award of the Class Representative Incentive Award and Class Counsel Fees and Expenses pursuant to and in accordance with the terms of this Settlement, with a memorandum in support of their motion, which Ecolab agrees it will not oppose so long as the motion is in all respects consistent with the terms of this Settlement.

2.      Not later than five (5) court days before the Final Approval Hearing, the Settling

LITTLER MENDELSON, P.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619.232.0441

13                                                     CASE NO. C 13-05097 PJH

1   Parties may file, jointly or separately, a reply in support of the motion for final approval of the

2   Settlement as may be necessary or helpful to the Court regarding the subject matter of the Final

3   Approval Hearing.  In addition, the Settling Parties and Class Counsel may file replies in support of

4   the motions for the Class Representative Incentive Award and the Class Counsel Fees and Expenses

5   as may be necessary or helpful to the Court regarding the subject matter of the motions.

6        3.     Either Settling Party may terminate this Settlement by giving written notice to the

7   other Settling Party (through its counsel) no later than twenty (20) calendar days after receiving

8   notice that one of the following has occurred:  (i) the Court declines to enter the Preliminary

9   Approval Order, the Final Approval Order or final judgment in substantially the form submitted by

10  the Parties; (ii) the Settlement does not become final because of any appellate court action; or (iii)

11  the Court's final approval of the Settlement is reversed or materially modified on appellate review.

12       4.     In the event termination of this Settlement is provided in accordance with the

13  foregoing, this Settlement will become and shall be considered null and void, and it will have the

14  following effects: (i) the Settling Parties will have no further obligations under the Settlement; (ii)

15  Ecolab shall have no obligation to make any payments to any person, party, Class Member or

16  attorney that otherwise would have been owed under this Settlement, except that Ecolab will pay the

17  Claims Administrator's reasonable fees and expenses incurred as of the date that the Settlement is

18  terminated; (iii) the Preliminary Approval Order, Final Approval Order and Judgment, including any

19  order of class certification, shall be vacated; (iv) the Settlement and all negotiations, statements and

20  proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom

21  shall be restored to their respective positions in the Action prior to the Settlement; and (v) neither

22  this Settlement nor any ancillary documents, actions, statements or filings in furtherance of

23  settlement (including all matters associated with the mediation) shall be admissible or offered into

24  evidence in the Action or any other case or proceeding for any purpose whatsoever.

25       5.     Upon final approval of the Settlement by the Court at or after the Final Approval

26  Hearing, the Settling Parties will present a Final Judgment for the Court's approval and entry.  A

27  copy of the Proposed Final Judgment is attached hereto as "Exhibit C."  After entry of the Final

28  Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

14

CASE NO. C 13-05097 PJH

1  purposes of: (i) enforcing this Settlement, (ii) addressing any claims administration matters that may
2  arise; and (iii) addressing such post-Judgment matters as may be appropriate under court rules or
3  applicable law.

4        6.     Ecolab shall promptly prepare a Notice of Settlement of Class Action in this matter,
5  pursuant to the Class Action Fairness Act [28 U.S.C. § 1715] ("CAFA Notice").

6       **N.**     **Dispute Resolution.**  Any disputes not resolved by the Claims Administrator or the
7  Settling Parties will be resolved by the Court. Before any such resort to the Court, counsel for the
8  Settling Parties will confer in good faith in an attempt to resolve the dispute.

9       **O.**     **Waiver of Right to Appeal.**  The Settling Parties agree to waive all appeals from the
10  Court's Final Approval of this Settlement, except that Class Counsel may appeal any reduction in the
11  Class Counsel Fees and Expenses. However, any reduction in the Class Counsel Fees and Expenses,
12  and/or any reduction to the requested Class Representative Incentive Awards, does not constitute
13  grounds to terminate or void the Settlement.

14       **P.**     **Release of Claims.**

15       1.     Release of Claims By Class Members.  In exchange for the consideration,
16  undertakings, and covenants undertaken by Ecolab in this Settlement, all Class Members  will
17  release Ecolab, its present and former parent companies, subsidiaries, related or affiliated companies,
18  joint ventures, partners, shareholders, officers, directors, employees, agents, attorneys, insurance
19  carriers, successors and assigns, and any individual or entity which could be jointly liable with
20  Ecolab (all of whom are hereinafter referred to as "Released Parties"), from any and all claims,
21  debts, liabilities, demands, obligations, guarantees costs, expenses, attorneys' fees, damages, causes
22  of action and allegations of any nature, that were alleged or that could have been alleged in the
23  Complaint based on the facts alleged therein and that arose or could have arisen out of the facts
24  alleged therein, including the claims brought and the claims that could have been brought under state
25  or federal law in any forum, including, but not limited to, all claims for wages and related penalties
26  and benefits that were alleged in the Complaint, First Amended Complaint, Second Amended
27  Complaint, Third Amended Complaint or which could have been alleged under California or the Fair
28  Labor Standards Act ("FLSA") based on the facts alleged therein, during the Class Period and up

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

15                       CASE NO. C 13-05097 PJH

1    through the date of Preliminary Approval of the settlement, including, without limitation: (1) failure

2    to pay minimum wage and/or overtime compensation for all hours worked; (2) violation of the

3    FLSA;  (3) meal and rest period violations; (4) penalties under the Private Attorney General Act; (5)

4    unfair competition in violation of Business and Professions Code §§ 17200 *et seq.* based on the

5    alleged violations of the California Labor Code ; and (6) any other claim for penalties (including but

6    not limited to California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512,

7    558, 1174, 1194, 2699, et seq. or any applicable Wage Order), premium pay or liquidated damages

8    of any nature whatsoever, arising out of any conduct, events, or transactions occurring during the

9    Class Period, including without limitation, interest, attorneys' fees and costs from December 21,

10   2005 through the date of Preliminary Approval ("all of which are hereinafter referred to as

11   "Released Claims").  On the back of each check issued to Class Members there will be language that

12   by cashing the check the Class Member understands and agrees that s/he is releasing all Released

13   Claims, including Claims under the Fair Labor Standards Act.

14        As of the Effective Date, Named Plaintiffs and the Settlement Class release the Released

15   Parties from the Released Claims in exchange for the consideration provided by this Settlement.  The

16   Named Plaintiffs may hereafter discover facts in addition to or different from those they now know

17   or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective

18   Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and

19   forever settled and released any and all of the Released Claims, whether known or unknown,

20   suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed,

21   upon any theory of law or equity now existing, including, but not limited to, conduct that is

22   negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to

23   the subsequent discovery or existence of such different or additional facts.

24        2.    Claims Not Released By Class Members.  To the extent that any Participating Class

25   Member is also a member of the certified class in the case of *Martino v. Ecolab Inc.*, Northern

26   District of California Case No. 14-cv-04358-PSG, they do not release any such claims that may be

27   asserted on their behalf in the *Martino* action; however, to the extent a Participating Class Member

28   has a claim for Labor Code section 203 penalties in the *Martino* matter, said claim for penalties only

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

16                              CASE NO. C 13-05097 PJH

1  is released for any time when they are a Class Member in the *Martino* matter.

2      3.      <u>No DLSE/DOL Claims For Monetary Relief.</u>  All Class Members shall be enjoined

3  from seeking any monetary relief/award by filing any claims with the Division of Labor Standards

4  and Enforcement or Department of Labor, or from initiating other proceedings regarding claims

5  released under this Settlement pending final approval of the Settlement by the Court.

6      4.      <u>Complete And General Release By Icard Ross And Magee.</u>  In addition to the

7  releases of the claims enumerated above, including but not limited to the Released Claims, the

8  named plaintiffs and current Class Representatives Matthew Ross and Robert Magee and former

9  named Plaintiff James Icard, hereby provide Ecolab and all of the Released Parties a complete and

10  general release of all known and unknown claims, including but not limited to any claims arising out

11  of their employment or, in the case of Ross, due to the ending of employment.  This complete and

12  general release applies to any and all claims, without limitation, against Ecolab and all of the

13  Released Parties.  James Icard, Matthew Ross and Robert Magee each expressly acknowledge and

14  waive all of the rights afforded to them under California Civil Code § 1542, which reads as follows:

15  "A general release does not extend to claims which the creditor does not know or suspect to exist in

16  his or her favor at the time of executing the release, which if known by him or her must have

17  materially affected his or her settlement with the debtor."

18      5.      Matthew Ross and James Icard agree that they will not reapply to work for Ecolab in

19  the future and that, in the event of his application in the future, Ecolab can decline to hire him

20  pursuant to the terms of this Settlement.

21      **Q.      Publicity.**

22      1.      Named Plaintiffs and Class Count agree not to issue a press release or otherwise

23  notify the media about the terms of the Settlement or advertise or market any of the terms of the

24  Settlement through written, recorded or electronic communications.  Named Plaintiffs and Class

25  Counsel further agree that if contacted regarding this case, they will state only that the lawsuit exists

26  and has been resolved.

27      2.      Nothing herein shall be interpreted as preventing any good-faith communications by

28  any Counsel and/or any Parties with the Court, the Class Members, or the Claims Administrator.

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W  Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

17                                    CASE NO. C 13-05097 PJH

**R.     Fair, Adequate And Reasonable Settlement.**  This Settlement was reached after years of litigation and extensive negotiations.  The Settling Parties believe and agree that this Settlement is a fair, adequate, and reasonable resolution of the Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential, and will so represent it to the Court.

**S.     Dismissal Upon Final Approval.**  The Settling Parties agree that, upon final approval of the Settlement by the Court, the Action will be dismissed in its entirety with prejudice pursuant to the Proposed Final Judgment and Order of Dismissal attached hereto as Exhibit C.

**T.     No Admission Of Liability.**  Ecolab denies any and all alleged wrongdoing or the violation of any rights of the Named Plaintiffs and/or Class Members.  By entering into this Settlement, Ecolab does not admit, and in fact specifically disclaims, the violation of any law or regulation.  This Settlement is entered into solely for the purpose of compromising highly disputed claims.  Nothing in this Settlement is intended or will be construed as an admission of any liability or wrongdoing by Ecolab, or as an admission by the Class Members that any of their claims were non-meritorious or that any defense asserted by Ecolab was meritorious.  This Settlement and the fact that the Settling Parties were willing to settle the Action and have entered into this Settlement will have no bearing on, and will not be admissible in connection with, any litigation, other than as is necessary to enforce the terms of this Settlement.

**U.     Miscellaneous Terms.**

1.     <u>Integrated Agreement.</u>  After it is signed and delivered by all Parties and their counsel, this Settlement and its exhibits will constitute the entire agreement between the Settling Parties relating to the terms of Settlement, and will supersede any prior or contemporaneous oral representations, warranties, covenants, or inducements made to any Settling Party concerning this Settlement or its exhibits, including the Settlement Terms.

2.     <u>Execution in Counterparts.</u>  This Settlement may be executed in one or more counterparts and by facsimile or PDF version.  All executed counterparts, and each of them, will be deemed to be one and the same instrument, provided that counsel for the Settling Parties will exchange between themselves original signed counterparts.  Facsimile or PDF signatures will be

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

18                                    CASE NO. C 13-05097 PJH

1    accepted if the original signature is made available upon request within seven days.  Any executed

2    counterpart will be admissible in evidence to prove the existence and contents of this Settlement.

3        3.     Modification of Settlement.  This Settlement, and any and all parts of it, may be

4    amended, modified, changed, or waived only by an express written instrument signed by all Settling

5    Parties or their successors-in-interest.

6        4.     Settlement Binding on Successors.  This Settlement will be binding upon, and inure

7    to the benefit of, the successors of each of the Settling Parties.

8        5.     Applicable Law.  All terms and conditions of this Settlement and its exhibits will be

9    governed by and interpreted according to the laws of the State of California, without giving effect to

10   any conflict of law or choice of law principles.

11       6.     Interim Stay of Proceedings.  The Parties agree to stay all proceedings in the Action,

12   subject to necessary compliance with the Court's orders, except such proceedings necessary to

13   implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be

14   conducted by the Court.

15       7.     Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant

16   and represent they are expressly authorized by the Parties whom they represent to negotiate this

17   Agreement and to take all appropriate actions required or permitted to be taken by such Parties

18   pursuant to this Agreement to effectuate its terms, and to execute any other documents required to

19   effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other

20   and use their best effort to effect the implementation of the Settlement.  In the event the Parties are

21   unable to reach agreement on the form or content of any document needed to implement the

22   Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of

23   this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The

24   persons signing this Agreement on behalf of Defendant represent and warrant that they are

25   authorized to sign this Agreement on behalf of Defendant.  Plaintiffs each represent and warrant that

26   he is authorized to sign this Agreement and that he has not assigned any claim, or part of a claim,

27   covered by this Settlement to a third-party.

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

19                                    CASE NO. C 13-05097 PJH

1    8.    Notices.  Unless otherwise specifically provided herein, all notices, demands or other

2    communications given hereunder shall be in writing and shall be deemed to have been duly given as

3    of the third business day after mailing by United States registered or certified mail, return receipt

4    requested, addressed as follows:

5                                    To Class Counsel:

6
                            Alejandro Gutierrez, Esq.
7                           HATHAWAY, PERRETT, WEBSTER, POWERS,
                            CHRISMAN & GUTIERREZ
8                           5450 Telegraph Road, Suite 200
                            Ventura, CA 93006
9                           Telephone: (805) 644-7111

10
                            Brian D. Hefelfinger, Esq.
11                          STRAUSS & PALAY APC
                            121 North Fir Street, Suite F
12                          Ventura, CA 93001
                            Telephone (805) 641-6600
13

14                                   To Ecolab:

15                          Jody A. Landry, Esq.
                            LITTLER MENDELSON, P.C.
16                          501 West Broadway, Suite 900
                            San Diego, CA 92101
17                          Telephone: (619) 232-0441
                            Facsimile: (619) 232-4302
18

19   9.    Cooperation in Drafting.  The Settling Parties have cooperated in the drafting and

20   preparation of this Settlement.  This Settlement will not be construed against any Settling Party on

21   the basis that the Settling Party was the drafter or participated in the drafting.

22              IT IS SO AGREED:

23

24                              PLAINTIFFS AND THE CLASS

25

26   DATED: 3 - 25 - , 2016        By: _____
                                              MATTHEW ROSS
27

28

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441                                20                        CASE NO. C 13-05097 PJH

DATED: March 24, 2016

By: _____
ROBERT MAGEE

DATED: _____, 2016

By: _____
JAMES ICARD (former named Plaintiff)

DATED: _____, 2016

HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ

By: _____
ALEJANDRO P. GUTIERREZ

Attorneys for the Certified Class

DATED: _____, 2016

STRAUSS & PALAY APC

By: _____
BRIAN D. HEFELFINGER

Attorneys for the Certified Class

ECOLAB INC.

DATED: _____, 2016

By: _____
MICHAEL A. HICKEY, Executive Vice President
and President, Global Institutional

APPROVED AS TO FORM:

LITTLER MENDELSON PC

DATED: _____, 2016

_____
JODY A. LANDRY

Attorneys for Ecolab Inc.

Firmwide:139496195.1 057118.1056

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1   DATED:_____, 2016

2                      By: _____
ROBERT MAGEE

3

4   DATED: 3/25___, 2016    By: _____

5                              JAMES ICARD (former named Plaintiff)

6

7   DATED:_____, 2016    HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ

8

9                      By: _____
ALEJANDRO P. GUTIERREZ

10                     Attorneys for the Certified Class

11

12  DATED:_____, 2016    STRAUSS & PALAY APC

13

14                      By: _____
BRIAN D. HEFELFINGER

15                     Attorneys for the Certified Class

16

17                     ECOLAB INC.

18  DATED:_____, 2016

19                      By: _____
MICHAEL A. HICKEY, Executive Vice President

20                         and President, Global Institutional

21

22  APPROVED AS TO FORM:

23

24                     LITTLER MENDELSON PC

25  DATED:_____, 2016    _____

26                               JODY A. LANDRY

27                     Attorneys for Ecolab Inc.

Firmwide:139496195.1 057118.1056

28

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    DATED:_____, 2016

2                                              By:_____
                                                          ROBERT MAGEE
3

4
     DATED:_____, 2016              By: _____
5                                                   JAMES ICARD (former named Plaintiff)

6
     DATED:_____, 2016              HATHAWAY, PERRETT, WEBSTER, POWERS,
7                                              CHRISMAN & GUTIERREZ

8
                                              By:_____
9                                                     ALEJANDRO P. GUTIERREZ

10                                             Attorneys for the Certified Class

11
     DATED:_____, 2016              STRAUSS & PALAY APC
12

13                                             By:_____
                                                          BRIAN D. HEFELFINGER
14
                                              Attorneys for the Certified Class
15

16
                                              ECOLAB INC.
17
     DATED: March 30 , 2016
18
                                              By:_____
19                                             MICHAEL A. HICKEY, Executive Vice President
                                               and President, Global Institutional
20

21
     APPROVED AS TO FORM:
22

23
                                              LITTLER MENDELSON PC
24

25   DATED:_____, 2016              _____
                                                        JODY A. LANDRY
26
                                              Attorneys for Ecolab Inc.
27
     Firmwide:139496195.1 057118.1056
28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

                                              21                    CASE NO. C 13-05097 PJH

1  DATED:_____, 2016

2                                          By: _____
3                                                    ROBERT MAGEE

4
5  DATED: _____, 2016            By: _____
                                              JAMES ICARD (former named Plaintiff)
6
7  DATED: _March 28_, 2016           HATHAWAY, PERRETT, WEBSTER, POWERS,
                                        CHRISMAN & GUTIERREZ
8
9                                          By: _____
                                                   ALEJANDRO P. GUTIERREZ
10
                                        Attorneys for the Certified Class
11
12 DATED: _March 28_, 2016            STRAUSS & PALAY APC

13                                         By: _____
                                                   BRIAN D. HEFELFINGER
14
                                        Attorneys for the Certified Class
15

16

17                                      ECOLAB INC.

18 DATED:_____, 2016

19                                         By: _____
                                              MICHAEL A. HICKEY, Executive Vice President
20                                              and President, Global Institutional

21 APPROVED AS TO FORM:
22

23                                      LITTLER MENDELSON PC
24

25 DATED: _3| 28_, 2016                _____
                                                  JODY A. LANDRY
26
                                        Attorneys for Ecolab Inc.
27

28 Firmwide:139496195.1 057118.1056

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441